UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| LEVI JONES, et al., | No. C 12-1633 CRB (MEJ) |
| Plaintiffs, | **DISCOVERY ORDER RE: PLAINTIFF EDD OZARD** |
| v. | |
| CONAGRA FOODS, INC., | **Re: Docket Nos. 106, 119** |
| Defendant. | |

In this putative class action, Plaintiffs Levi Jones, Christine Sturges, and Edd Ozard allege that product labels and websites for Defendant ConAgra Foods, Inc.'s PAM cooking spray, Hunt's canned tomato products, and Swiss Miss cocoa contain unlawful and deceptive information. The parties have now filed a joint discovery dispute letter, in which ConAgra seeks to compel Plaintiff Ozard to (1) provide written responses and produce documents in response to ConAgra's document requests ("RFPs"), and (2) appear for his noticed deposition. Dkt. No. 119. On March 1, 2013, ConAgra served discovery (RFPs and deposition notices) on all three plaintiffs. *Id.* at 1. However, on March 27, 2013, Plaintiffs' counsel informed ConAgra of their intent to seek the dismissal of Mr. Ozard's claims, and that he therefore would not respond to discovery or appear for deposition. *Id.* Mr. Ozard's May 20, 2013 motion to dismiss his claims (Dkt. 105) is currently set for hearing before the presiding judge, the Honorable Charles R. Breyer.

ConAgra argues that, even if Ozard is dismissed from this case, the relevance of discovery from him is "particularly clear considering that both of the other plaintiffs, at their depositions, denied ever seeing or relying on a number of label and other statements that, according to the [operative complaint], misled "Plaintiffs"— including statements that Judge Breyer specifically cited in upholding certain of Plaintiffs' claims in his order on ConAgra's Motion to Dismiss. This

1  development raised serious questions about whether there was ever a factual basis for asserting those
2  claims, and it became clear that Mr. Ozard is the only possible source of factual support for these
3  allegations." *Id.* at 2. ConAgra further argues that "Mr. Ozard's knowledge bears directly on the
4  typicality of the claims of the other class representatives and could confirm that the putative class has
5  suffered no common injury." *Id.* at 4.

6  In response, Plaintiffs' counsel states that they do not oppose this discovery, but their efforts
7  to contact Mr. Ozard have been unsuccessful. *Id.* at 5. Plaintiffs' counsel have also informed
8  Defendant's counsel that we will not object to a notice of subpoena of Mr. Ozard's deposition. *Id.*

9  The Court finds that, even if Ozard seeks to withdraw from the case, ConAgra is still entitled
10 to the requested discovery. Ozard is currently a named plaintiff and has not yet been dismissed.
11 Pursuant to Federal Rule of Civil Procedure 41(a)(2), after an opposing party has answered, an action
12 may be dismissed at the plaintiff's request only by the court, on terms that the court considers proper.
13 While Ozard's dismissal may be likely, it is not automatic. *Hamilton v. Firestone Tire & Rubber Co.*,
14 679 F.2d 143, 145 (9th Cir. 1982) (court must exercise discretion to determine whether to allow
15 dismissal at all and what terms and conditions, if any, should be imposed). Moreover, ConAgra is
16 certainly entitled to take the deposition of a party. *See* Fed. R. Civ. Proc. 30(a).

17 Furthermore, the Federal Rules of Civil Procedure provide that parties may obtain discovery
18 regarding matters relevant to the action. Fed. R. Civ. P. 26(b)(1). Ozard claims to have been a
19 consumer of the products challenged by Plaintiffs in this lawsuit. His testimony regarding his
20 experience with ConAgra's products is therefore highly likely to be relevant to class certification
21 issues, including commonality and the typicality of the class representative's claims, even if he no
22 longer wishes to be burdened with this litigation. When testimony can bear on both merits and class
23 certification issues, courts have granted motions to compel discovery from a withdrawing named
24 plaintiff. *See, e.g., Fraley v. Facebook Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012) ("The
25 fact that other named plaintiffs remain in the case does not render Fraley's testimony concerning her
26 allegations to be any less relevant. If anything, the fact that Fraley may soon be dismissed from the
27 lawsuit makes even more relevant Facebook's discovery into the basis for Fraley's allegations that
28

2

will be a part of the record in this case.  Even if Fraley is dismissed from the case, the court may consider the relevance of her earlier testimony to Facebook's ongoing defense."); *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) ("Because Hall's testimony is relevant, unavailable from other sources, and is not being sought for an improper purpose, Defendants are entitled to his deposition even if Hall is hopeful that he will be dismissed at some later date.").

Finally, as stated above, Plaintiffs' counsel does not oppose ConAgra's discovery requests and do not object to a notice of subpoena of Mr. Ozard's deposition.

Based on this analysis, the Court GRANTS ConAgra's request.  Mr. Ozard shall serve written responses to ConAgra's RFPs and produce all responsive materials by August 2, 2013, and he shall appear for deposition by August 9, 2013.

**IT IS SO ORDERED.**

Dated: July 15, 2013

_____
Maria-Elena James
United States Magistrate Judge